UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACK I. SUMMERS,

                Plaintiff,

        -against-

TRUMP CORP./TRUMP PARK AVE.,

                Defendant.

16-CV-111 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, appearing *pro se* and *in forma pauperis*, filed this complaint by order to show cause.  Plaintiff asks this Court to vacate a state court order evicting him from his rent-stabilized apartment on Park Avenue in Manhattan, New York, where he has lived for forty years.[1]  For the reasons set forth below, Plaintiff's complaint is dismissed.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

[1] By order dated January 7, 2016, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*; and denied the order to show cause.

## BACKGROUND

Plaintiff, a veteran who will be 83 in July, filed this complaint alleging that he is going to be unlawfully evicted from his apartment on January 12, 2016. According to Plaintiff, he was denied the protections ordinarily provided to tenants because the state court judge showed bias in his landlord's favor with respect to orders regarding the eviction and property damage resulting from "30 damaging floods" into the apartment. Plaintiff further asserts that his landlord repeatedly harassed him and failed to compensate him for $50,000 in property damage.

## DISCUSSION

### A.  Subject Matter Jurisdiction

Plaintiff's claims arising from his state court eviction proceedings must be dismissed for lack of subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 (Section 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.     **Federal Question Jurisdiction**

Federal courts do not generally have federal question subject matter jurisdiction over landlord-tenant matters. *See McMillan v. Lisco Holdings L.L.C.*, No. 13-CV-4569, 2013 WL 5550332, at *2 (S.D.N.Y. Oct. 2, 2013); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002). Mere invocation of constitutional or civil rights violations without an underlying federal law claim cannot create federal subject matter jurisdiction. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (holding that state court claims "recloaked in constitutional garb" is insufficient to confer federal question jurisdiction).[2] To the extent Plaintiffs seek judicial review of matters within his eviction proceedings before the Civil Court of the City of New York, New York County, this Court lacks jurisdiction to consider this action.

Even if the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983, this matter could not proceed. Section 1983 allows a party to bring suit against persons who, acting under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Trump Corp./Trump Park Ave. is a private entity that is not subject to suit under § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

---

[2] Plaintiff's request for injunctive relief may also be read as an effort to obtain review of the state court eviction notice or judgment. In the federal judicial system, only the United States Supreme Court may review state court decisions. *See Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citing 28 U.S.C. § 1257). District courts are not authorized to exercise appellate jurisdiction over state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (discussing the *Rooker-Feldman* doctrine).

**2.     Diversity of Citizenship**

Federal jurisdiction is also not available under 28 U.S.C. § 1332 because complete diversity of citizenship between Plaintiff and Defendants is lacking.  "It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).  Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

**3.     Order to Show Cause**

Plaintiff filed this complaint by order to show cause asking this Court to vacate the state court eviction order.  To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor.  *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, the Court lacks subject matter jurisdiction over Plaintiff's claims.  The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in his favor.  Accordingly, Plaintiff's request for an order to show cause is denied.³

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 20, 2016
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

---

³ Additionally, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes this Court from granting injunctive relief in state court proceedings  Section § 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment."  28 U.S.C. § 2283.  The Anti-Injunction Act has long been held to apply to state court eviction proceedings.  *See Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008); *Zheng v. Hous. Auth. Office of Impartial Hearing*, No. 10-CV-509 (DAB), 2010 WL 3910480, at *4 (S.D.N.Y. Sep. 28, 2010) (citations omitted).  To the extent Plaintiff seeks injunctive relief with respect to his ongoing eviction proceedings, that relief is precluded by the Anti-Injunction Act